**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION**

**Case No.: 2:19-cv-00758**

ADVANCED SCREENWORKS, LLC,
a Nevada limited liability company,

      Plaintiff,

v.

PAUL C. MOSHER, individually,
and GOLD STAR VENTURES LLC,

      Defendants.

_____/

**DEFENDANT PAUL MOSHER'S MOTION TO DISMISS PURSUANT TO FEDERAL
RULE OF CIVIL PROCEDURE 12(b)(6)**

Defendant Paul C. Mosher ("Mosher"), on behalf of undersigned counsel, hereby
respectfully requests this Court dismiss the Complaint (DE 1) filed by Advanced Screenworks,
LLC ("Plaintiff") for failure to comply with Federal Rule of Civil Procedure 12(b)(6).

**MEMORANDUM OF LAW AND FACT**

## I.    BACKGROUND

Mosher is a sole proprietor based in Port Charlotte, Florida, primarily serving the
commercial market in the Port Charlotte area.  Specifically, Mosher owns and operates a very
small business or venture that relates to the sale of a product that he developed and which he dubs
the Screening Buddy Dual Purpose Screen Retainer System ("Screening Buddy").  The Screening
Buddy is designed to repair patio, pool, window, and other screened structures.  As such, it
eliminates the hassle and expense of re-screening one's entire screen in the event of a rip or tear

1

in any given screen panel.  Sales of the Screening Buddy are primarily conducted through Mosher's website, https://screeningbuddy.com/.  The Screening Buddy is the only product Mosher sells, is subject to its own patent application (filed under a micro entity status), and can be best seen depicted here:



ECF No. 1-1, at 6.

Plaintiff is an alleged competitor of Mosher.  *See* ECF No. 1, ¶¶ 12–13.  On April 3, 2012, the United States Patent and Trademark Office ("USPTO") issued U.S. Patent No. 8,146,647 ("the '647 patent"), entitled "Screen Clipping System and Clips Therefor." *Id.* ¶¶ 9–10.  The '647 patent is narrowly claimed toward the following invention best seen depicted below:



ECF No. 1-2, at 4.   The '647 patent has three claims, all of which are independent in nature.   *Id.* at 7.

Plaintiff has asserted claims of patent infringement against Mosher and another entity (that does not exist) based on "among other things, making, using, offering to sell or selling in the United States, or importing into the United States, products and/or services that are covered by the claims of the '647 patent, including, by way of example and not limitation, the Screening Buddy." *Id.* ¶ 31.   Because Plaintiff's Complaint fails to articulate any factual basis upon which an infringement claim can be made against the Screening Buddy, directly or indirectly, the Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6).   Before filing this Motion and based on what Mosher believes to be clear missing limitations in the independent claims of the '647 patent, counsel for Mosher reached out to Plaintiff's counsel requesting proof how and why said limitations were present in the Screening Buddy.   Plaintiff's counsel refused to answer said question, forcing Mosher to spend what little resources he does have seeking dismissal of this action based on the complaint's legal and factual insufficiencies.

## II.   LEGAL STANDARD

The Federal Rules of Civil Procedure require that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).   Rule 10 states, in part, that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense." Fed. R. Civ. P. 10(b).   At the pleading stage, a complaint should be dismissed if it fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).   This standard requires "enough facts to state a claim for relief that is plausible on its face." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678 (explaining that Rule 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").  Otherwise stated, a plaintiff need only have "nudged [his] claims across the line from conceivable to plausible" to withstand a motion to dismiss.  *Twombly*, 550 U.S. at 570.

Prior to December 1, 2015, when certain amendments to the Federal Rules of Civil Procedure took effect, courts reviewed pleadings of direct infringement claims against the standard set forth in Form 18 of the Federal Rules of Civil Procedure.  *See In re Bill of Lading Transmission and Processing Sys.*, 681 F.3d 1323, 1334 (Fed. Cir. 2012) ("[T]o the extent the parties argue that *Twombly* and its progeny conflict with the Forms and create differing pleading requirements, the Forms control.").  The amendments abrogated Rule 84, which stated, in part, that "provision is here made for a limited number of official forms which may serve as guides in pleading."  Fed. R. Civ. P. 84; *see Atlas IP LLC v. Pac. Gas & Elec. Co.*, No. 15-cv-05469-EDL, 2016 WL 1719545, at *2 (N.D. Cal. Mar. 9, 2016).  Accordingly, Form 18 is no longer the standard by which courts judge the sufficiency of direct patent infringement pleadings.  *See id.*  Instead, direct infringement claims "are now subject to the pleading standards established by *Twombly* and *Iqbal*."  *Id.*  The court has long reviewed indirect patent infringement claims under the pleading standards espoused in *Twombly* and *Iqbal*.  *See In re Bill of Lading*, 681 F.3d at 1336 ("We agree with several district

4

courts that have addressed this issue that Form 18 should be strictly construed as measuring only the sufficiency of allegations of direct infringement, and not indirect infringement.").[1]

Generally, when reviewing a motion under Rule 12(b)(6), a court must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff.  *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration All.*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009).  However, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."  *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006).  A court considering a Rule 12(b)(6) motion to dismiss is limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim.  *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *see also Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

## III.   DISCUSSION

### A.   THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(B)(6)

---

[1] Although the law of the Federal Circuit governs substantive patent issues, a district court should still apply the law of the Eleventh Circuit when evaluating procedural issues. *See In re Bill of Lading*, 681 F.3d at 1331 ("Because it raises a purely procedural issue, an appeal from an order granting a motion to dismiss for failure to state a claim upon which relief can be granted is reviewed under the applicable law of the regional circuit.") (citing *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355–56 (Fed. Cir. 2007)).

      1.     *The direct and indirect patent infringement claims are inadequately plead*

The sole "infringement" count in Plaintiff's complaint should be dismissed because Plaintiff's complaint wholly fails to articulate how and why Mosher is infringing "the claims of the '647 patent." ECF No. 1, ¶ 31. Rather, for the direct infringement claim under § 271(a), the complaint simply states that Mosher purportedly made, marketed, used, or sold the Screening Buddy or "services" which are allegedly covered by the claims of the '647 patent. Specifically, the complaint alleges that "it was apparent to Defendants that, inter alia, the Screening Buddy infringes the ['647] Patent." *Id.* at 18; *see also id.* ¶ 31 (alleging, despite not having any factual support, infringement of "services that are covered by the claims of the '647 patent"). Such conclusory allegations fail to provide Mosher with adequate notice of infringement of the claims to satisfy minimum pleading requirements for direct infringement. *See Blue Water Innovations, LLC v. Fettig*, No. 18-60671-CIV-Scola, 2019 LEXIS 73605, at *4-*5 (S.D. Fla. Mar. 8, 2019) ("In order to state a claim for patent infringement, 'the allegedly infringing product must practice all elements of a patent claim.' Furthermore, '[a]n allegation of direct patent infringement is insufficient under *Twombly* and *Iqbal* if it simply recites some of the elements of a representative claim and then describes generally how an accused product operates, without specifically tying the operation to any asserted claim or addressing all of the claim requirements.'") (quoting *Raptor, LLC v. Odebrecht Constr.*, No. 17-21509, 2017 LEXIS 97440, 2017 WL 3503399, at *3 (S.D. Fla. June 22, 2017)). Moreover, the complaint does not cite whether one or all of the three independent claims are infringed by Mosher. *See* ECF No. 1, ¶ 31.

The complaint also alleges without any factual basis that Mosher "indirectly" by "inducing infringement of and/or contributorily infringing the '647 [P]atent." Dkt. No. 1, ¶ 31. While not

specifically delineated or identified in the Complaint, it appears Plaintiff is also asserting infringement under 35 U.S.C. § 271(b).  The indirect infringement allegation should also be dismissed for multiple reasons, including because, like the direct infringement claims, the complaint wholly fails to articulate how and why the Screening Buddy is infringing *any* claim of the '647 Patent and because the Complaint fails to assert how and why Mosher had any knowledge of the '647 Patent claims[2], that the Screening Buddy was infringing the same, and intended others to infringe the same. *Thermolife Int'l, LLC v. Hi-Tech Pharm., Inc.*, No. 1:15-CV-00892-ELR, 2018 LEXIS 223732, at *7 (N.D. Ga. Oct. 30, 2018) (Indirect infringement under 35 U.S.C. § 271(b) requires: "(1) a direct infringement of the patent by others; (2) the party accused of inducement knowingly engaged in acts that induced the infringement by others; (3) the party accused of inducement knew of the patent at issue; and (4) the party accused of inducement acted with intent to cause a patent infringement by others.") (citing *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 131 S. Ct. 2060, 179 L. Ed. 2d 1167 (2011) and *Sanofi v. Watson Labs. Inc.*, 875 F.3d 636 (Fed. Cir. 2017)); *see also IT Consulting GmbH v. BMC Software, Inc.*, No. 6:15-cv-1012-Orl-37KRS, 2016 LEXIS 5346, 2016 WL 231215, at *3 (M.D. Fla. Jan. 15, 2016) (dismissing a complaint in patent action where plaintiff lumped direct and indirect infringement claims together in a single count).  Even more specifically, the complaint fails to

It also appears Plaintiff is asserting indirect infringement under 35 U.S.C. § 271(c), though any such claims are likewise not specifically delineated or identified in the Complaint.  A person may be liable for contributory infringement under 35 U.S.C. § 271(c) if, with knowledge of the

---

[2] Like the complaint, the letter purportedly "sent to Defendants" *on the same day this complaint was filed* also fails to allege how and why any claim of the '647 patent is infringed on by the Screening Buddy.  ECF No. 1-6, at 2–4.

7

infringing activity, he induces, causes, or materially contributes to the infringing conduct of another. *Van Dusen v. Southeast First Nat. Bank of Miami*, 478 So. 2d 82, 88 n.11 (Fla. 3d DCA 1985); *see also* 35 U.S.C. § 271(c) ("Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer"). Plaintiff merely alleges that Mosher is "inducing others to infringe by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States, products or processes that practice one or more claims in the ['647] Patent." ECF No. 1, ¶ 14.  Again, the complaint fails to identify any specific infringing activity, if and how Mosher knew of such activity, and how Mosher induced, caused, or otherwise contributed to the infringing conduct of another. As such, the direct and indirect infringement claims should be dismissed.

## IV.     CONCLUSION

As set forth above, it appears Plaintiff is filing this Action for the purposes of leveraging the cost of litigation to extract some sort of financial settlement.  Mosher makes this assertion based on, for example, (1) the lack of factual specificity in the letter sent to Mosher on the same day of filing this complaint, (2) the lack of factual specificity in this complaint itself, (3) the lack of cooperation with counsel for Mosher before filing this Motion, (4) the apparent haste in which this complaint was filed (i.e., the same day as complaint filing, against a non-existent Florida company, and alleging *services* are covered by the '647 patent, when they clearly are not), and (5)

requesting the complaint and letter be forwarded to Mosher's "insurance carrier" (ECF No. 1-6, at 2). That said and for the reasons set forth above, Mosher respectfully requests this Court should grant this Motion to Dismiss, *with prejudice* (as Plaintiff will be unable to cure said deficiencies with an amended pleading), find Mosher a prevailing party, award Mosher his attorneys' fees based on the exceptional nature of this case under 35 U.S.C. § 285 (i.e., filing this Action without factual and/or legal basis and/or justification), and grant Mosher any other relief it deems just and proper.

Dated: December 9, 2019                                    Respectfully submitted,

                                             _____
                                             MARK C. JOHNSON, ESQ.
                                             Fl. Bar No. 84365
                                             MJ@JohnsonDalal.com
                                             **JOHNSON | DALAL**
                                             111 N. PINE ISLAND ROAD, SUITE 103
                                             PLANTATION, FL 33324
                                             Tel: (954) 507-4500
                                             Fax: (954) 507-4502
                                             *Counsel for Defendant Mosher*