UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ADVANCED SCREENWORKS, LLC, a
Nevada limited liability
company,

      Plaintiff,

v.                                 Case No: 2:19-cv-758-FtM-29MRM

PAUL C. MOSHER, individually
and GOLD STAR VENTURES, LLC,
a Florida limited liability
company,

      Defendants.

## OPINION AND ORDER

This matter comes before the Court on review of defendant Paul C. Mosher's Motion to Dismiss (Doc. #18) filed on December 9, 2019. Plaintiff filed a Response in Opposition (Doc. #22) on December 23, 2019. For the reasons that follow, the motion is granted in part and denied in part.

**I.**

### A. Factual Background

According to the Complaint, non-parties Brian Hughes and Brian Jones obtained U.S. Patent No. 8,146,647 ("'647 Patent") in April 2012 for a "Screen Clipping System and Clips Therefor." (Doc. #1, pp. 2-3; Doc. #1-2, p. 15.) The '647 Patent was assigned to plaintiff Advanced Screenworks, LLC, a Nevada limited liability

company that sells products relating to the "speedy and efficient screening of windows, doors, pool cages, and patios." (Doc. #1, pp. 1-3; Doc. #1-3, p. 22.) Plaintiff utilizes the '647 Patent as part of its Lifestyle Screens product line, which is sold via dealers. (Doc. #1, p. 3.)

As alleged in the Complaint, defendant Paul Mosher purchased a package of plaintiff's screen clips in September 2017 and thereafter he and defendant Gold Star Ventures LLC began infringing on the '647 Patent by manufacturing, selling, and/or importing a "Screening Buddy Dual Purpose Screen Retainer System" product over the internet. (Id. pp. 3-4; Doc. #1-5, p. 26.) In October 2019, plaintiff notified the defendants of the alleged infringement, but the defendants have continued to sell the product. (Doc. #1, p. 4; Doc. #1-6, p. 28.)

**B. Procedural Background**

On October 17, 2019, plaintiff filed its Complaint for Patent Infringement in this Court. (Doc. #1.) The complaint alleges the defendants

> have been and/or are directly infringing and/or inducing infringement of and/or contributorily infringing the '647 patent by, among other things, making, using, offering to sell or selling in the United States, or importing into the United States, products and/or services that are covered by the claims of the '647 patent, including, by way of example and not limitation, the Screening Buddy.

2

(Id. p. 5.) Attached to the Complaint are, *inter alia*, screenshots of the Screening Buddy website and copies of the '647 Patent with diagrams and descriptions. (Doc. #1-1, pp. 9-13; Doc. #1-2, pp. 15-20.) As relief, plaintiff requests both monetary damages and injunctive relief. (Doc. #1, p. 6.)

On December 9, 2019, Mosher filed his Motion to Dismiss.[*] (Doc. #18.) In the motion, Mosher argues the Complaint "fails to articulate any factual basis upon which an infringement claim can be made against the Screening Buddy, directly or indirectly," and therefore the Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Id. p. 3.)

**II.**

**A. Legal Standards**

In light of the abrogation of Form 18 of the Federal Rules of Civil Procedure, a complaint alleging patent infringement must comply with Iqbal and Twombly to state a claim under Rule 12(b)(6). Thermolife Int'l, LLC v. Vitamin Shoppe, Inc., 2016 WL 6678525, *2 (S.D. Fla. June 2, 2016). Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of

---

[*] In the screenshots attached to the Complaint, Gold Star Ventures LLC is listed as the producer of the Screening Buddy product, with Mosher described as the "Owner/Developer." (Doc. #1-1, pp. 11-12.) However, in his motion, Mosher states that Gold Star Ventures LLC is "a non-existent Florida company." (Doc. #18, p. 8.)

3

the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555; see also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible. Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations,

a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

**B. Analysis**

Section 271 of Title 35 creates liability for three types of patent infringement: (1) direct infringement, (2) induced infringement, and (3) contributory infringement. Commil USA, LLC v. Cisco Sys., Inc., 135 S.Ct. 1920, 1926 (2015). Under section 271(a), direct infringement occurs when "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor." Section 271(b) addresses induced infringement and provides that "[w]hoever actively induces infringement of a patent shall be liable as an infringer." Finally, section 271(c) addresses contributory infringement, which occurs if a party sells or offers to sell

> a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use[.]

As noted, Mosher's motion challenges the sufficiency of the factual allegations in the Complaint with regards to the

5

infringement claim. Having reviewed the Complaint, the Court finds it unnecessary to address this argument because the Complaint constitutes an improper shotgun pleading requiring dismissal. See Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018) ("A district court has the inherent authority to control its docket and ensure the prompt resolution of lawsuits, which includes the ability to dismiss a complaint on shotgun pleading grounds." (citation and marks omitted)). The Complaint's single patent infringement claim alleges the defendants "have been and/or are directly infringing and/or inducing infringement of and/or contributorily infringing the '647 patent." (Doc. #1, p. 5.) The Court finds this combination of infringement claims into a single count constitutes a shotgun pleading. See Bickerstaff Clay Prods. Co., Inc. v. Harris Cty., Ga. By & Through Bd. of Comm'rs, 89 F.3d 1481, 1484 n.4 (11th Cir. 1996) (noting a complaint in which some counts "present more than one discrete claim for relief" is a shotgun pleading); zIT Consulting GmbH v. BMC Software, Inc., 2016 WL 231215, *3 (M.D. Fla. Jan. 15, 2016) (dismissing complaint in patent action as a shotgun pleading where plaintiff lumped direct and indirect infringement claims together into a single count); Ziemba v. Incipio Techs., Inc., 2014 WL 4637006, *4 (D.N.J. Sept. 16, 2014) (finding that grouping together of direct, contributory, and induced infringement claims into a single count "violates the pleading standard and fails to provide each Defendant with adequate

notice of the particular claim(s) being asserted against them and the specific grounds upon which such claim(s) rest").

As the Complaint constitutes an improper shotgun pleading, it will be dismissed without prejudice. See Vibe Micro, Inc., 878 F.3d at 1295 ("In the special circumstance of non-merits dismissals on shotgun pleading grounds, we have required district courts to sua sponte allow a litigant one chance to remedy such deficiencies."). If plaintiff files an amended complaint that Mosher believes is still insufficient under Rule 12(b)(6), he may file a new motion to dismiss.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to dismiss for failure to state a claim (Doc. #18) is **GRANTED in part and DENIED in** part. The Complaint for Patent Infringement is **dismissed without prejudice** to filing an Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order. Mosher's request for attorney's fees is **denied**.

**DONE AND ORDERED** at Fort Myers, Florida, this __8th__ day of January, 2020.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record