UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ADVANCED SCREENWORKS, LLC, a
Nevada limited liability
company,

      Plaintiff,

v.                            Case No:  2:19-cv-758-FtM-29MRM

PAUL C. MOSHER, individually
and GOLD STAR VENTURES, LLC,
a Florida limited liability
company,

      Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of defendant's Motion to Dismiss (Doc. #27) filed on January 22, 2020. Plaintiff filed a Response in Opposition (Doc. #29) on February 5, 2020. For the reasons that follow, the motion is granted in part and denied in part.

**I.**

**A. Factual Background**

According to the First Amended Complaint, non-parties Brian Hughes and Brian Jones obtained U.S. Patent No. 8,146,647 ("'647 Patent") in April 2012 for a "Screen Clipping System and Clips Therefor." (Doc. #26, ¶ 9; Doc. #26-2, p. 22.) The '647 Patent, which contains three claims, was assigned to plaintiff Advanced

Screenworks, LLC, a Nevada limited liability company that sells products relating to the "speedy and efficient screening of windows, doors, pool cages, and patios." (Doc. #26, ¶¶ 1, 10-12; Doc. #26-3, p. 29.) Plaintiff utilizes the '647 Patent as part of its Lifestyle Screens product line, which is sold via dealers. (Doc. #26, ¶ 13.)

As alleged in the First Amended Complaint, defendant Paul Mosher, d/b/a Gold Star Ventures, LLC, purchased a package of plaintiff's screen clips in September 2017 and thereafter began infringing on the '647 Patent by

> making, using, offering to sell, and selling products, methods, and apparatuses for the screening of windows, doors, pool cages, and patios, including Mosher's "Screening Buddy Dual Purpose Screen Retainer System" . . . which comes within the scope of the ['647 Patent] without authority or license from [plaintiff].

(Doc. #26, ¶¶ 2, 15-16.) In October 2019, plaintiff notified Mosher of the alleged infringement, but he has continued to sell the product. (Doc. #26, ¶¶ 26-28; Doc. #26-6, p. 35.)

**B. Procedural Background**

Plaintiff initiated this matter in October 2019 by filing a Complaint for Patent Infringement. (Doc. #1.) In December 2019, Mosher filed a Motion to Dismiss, arguing the Complaint failed to articulate any factual basis for an infringement claim. (Doc. #18, p. 3.) The Court granted the motion in part, finding it unnecessary to address Mosher's argument because the Complaint

2

constituted an improper shotgun pleading. (Doc. #25, pp. 5-6.) Accordingly, the Complaint was dismissed without prejudice to filing an amended complaint. (Id. p. 7.)

On January 8, 2020, plaintiff filed its First Amended Complaint for Patent Infringement, alleging the following three counts: (1) direct patent infringement; (2) induced patent infringement; and (3) contributory patent infringement. (Doc. #26, pp. 8-14.) The First Amended Complaint alleges Mosher has infringed on "at least claims 1, 2, and 3 of the '647 Patent." (Id. ¶¶ 38, 50, 63.) Attached to the First Amended Complaint are, *inter alia*, screenshots of the Screening Buddy website and copies of the '647 Patent with diagrams and descriptions. (Doc. #26-1, pp. 15-20; Doc. #26-2, pp. 21-27.) As relief, plaintiff requests both monetary damages and injunctive relief. (Doc. #26, ¶ 72.)

On January 22, 2020, Mosher filed the Motion to Dismiss now before the Court. (Doc. #27.) Mosher argues the First Amended Complaint should be dismissed because "there is no plausible factual allegation in the First Amended Complaint that the Accused Products have some *very particular and narrow* claim limitations found in the independent claims" of the '647 Patent. (Id. p. 1.) Additionally, Mosher seeks to have the First Amended Complaint dismissed with prejudice, "as Plaintiff will once again be unable to cure said deficiencies with an amended pleading." (Id. p. 12.)

**II.**

**A. Legal Standards**

In light of the abrogation of Form 18 of the Federal Rules of Civil Procedure, a complaint alleging patent infringement must comply with Iqbal and Twombly to state a claim under Rule 12(b)(6). Thermolife Int'l, LLC v. Vitamin Shoppe, Inc., 2016 WL 6678525, *2 (S.D. Fla. June 2, 2016). Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555; see also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v.

Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible. Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

## B. Analysis

Section 271 of Title 35 creates liability for three types of patent infringement: (1) direct infringement, (2) induced infringement, and (3) contributory infringement. Commil USA, LLC v. Cisco Sys., Inc., 135 S.Ct. 1920, 1926 (2015). Under Section 271(a), direct infringement occurs when "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor." Section 271(b) addresses induced infringement and provides that "[w]hoever actively induces infringement of a patent shall be liable as an infringer." Finally, Section 271(c) addresses

contributory infringement, which occurs if a party sells or offers to sell

> a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use[.]

Mosher's motion seeks dismissal of each infringement claim with prejudice due to alleged pleading deficiencies. The Court will address these arguments in turn.

**1. Direct Infringement**

To state a claim for direct infringement, a complaint must include five factual assertions: (1) ownership of the patent; (2) name of each defendant; (3) cite the patent allegedly infringed; (4) state how the defendant allegedly infringes; and (5) point to the sections of the patent law invoked. WhereverTV, Inc. v. Comcast Cable Commc'ns, LLC, 2019 WL 718576, *3 (M.D. Fla. Feb. 20, 2019) (citing Hall v. Bed Bath & Beyond, Inc., 705 F.3d 1357, 1362 (Fed. Cir. 2013)). "Plaintiff need not prove its case at the pleading stage, but need only place the potential infringer on notice of what activity it is accused of infringing." Id. (citing Nalco Co. v. Chem-Mod, LLC, 883 F.3d 1337, 1350 (Fed. Cir. 2018)).

In Count I of the First Amended Complaint, plaintiff alleges Mosher "has directly infringed at least claims 1, 2, and 3 of the

'647 Patent" by "among other things, making, using, offering to sell, and selling, in the United States and without license, a 'screen clipping system' for the screening of windows, doors, pool cages, and patios, including the Screening Buddy." (Doc. #26, ¶ 38.) In the motion, Mosher argues Count I is inadequately pled because it "does not provide any sort of factual analysis, nor a comparable element-by-element chart detailing how the [Screening Buddy] include[s] each and every limitation within the independent claims of the '647 Patent." (Doc. #27, pp. 5-6.) Having reviewed the allegations in the First Amended Complaint, along with the attachments provided, the Court agrees with Mosher that Count I is insufficiently pled.

An allegation of direct patent infringement is "insufficient under Twombly and Iqbal if it simply recites some of the elements of a representative claim and then describes generally how an accused product operates, without specifically tying the operation to any asserted claim or addressing all of the claim requirements." Blue Water Innovations, LLC v. Fettig, 2019 WL 1904589, *2 (S.D. Fla. Mar. 8, 2019) (citation omitted). Here, the First Amended Complaint describes the three claims of the '647 Patent and then alleges the Screening Buddy System directly infringes "at least claims 1, 2, and 3 of the '647 Patent." (Doc. #26, ¶¶ 23-25, 38.) However, the First Amended Complaint fails to describe how the Screening Buddy System infringes on any of the elements of these

7

claims, and therefore is insufficient to give Mosher fair notice. See id. (dismissing complaint which failed to name a single claim in the patents, "let alone describe how the Defendants' product infringes on any of the elements of these claims"); Glob. Tech Led, LLC v. Every Watt Matters, LLC, 2016 WL 6682015, *3 (S.D. Fla. May 19, 2016) ("Although Plaintiff's allegations 'generally describe' the Accused Products and refer to the '424 patent claims . . ., Plaintiff does not sufficiently tie any specific operation to a patent claim, relying instead on the 'bare assertion' that Defendants infringe through the 'making, using, selling, or offering for sale, one or more of the Accused Products.'" (citations omitted)); cf. Disc Disease Sols. Inc. v. VGH Sols., Inc., 888 F.3d 1256, 1260 (Fed. Cir. 2018) (finding complaint's allegations sufficient under Iqbal/Twombly because the complaint, *inter alia*, "alleged that the accused produces meet 'each and every element of at least one claim of the '113 [or '509] Patent, either literally or equivalently" (alteration in original)). As Count I fails to meet the pleading requirements under Twombly and Iqbal, it shall be dismissed without prejudice.

**2. Induced and Contributory Infringement**

Counts II and III of the First Amended Complaint allege Mosher (1) has induced his customers to infringe the '647 Patent and (2) has knowingly contributed to the infringement of the '647 Patent. (Doc. #26, ¶¶ 53, 66.) The Court agrees with Mosher that the

8

conclusion that Count I is insufficiently pled and subject to dismissal requires the Court to dismiss these claims as well. See Nalco, 883 F.3d at 1355 ("It is axiomatic that there can be no inducement or contributory infringement without an underlying act of direct infringement." (marks and citation omitted)). While Mosher requests the case be dismissed with prejudice and the Court award attorney's fees pursuant to 35 U.S.C. § 285 (Doc. #27, p. 12), the Court will provide plaintiff one final opportunity to amend.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss (Doc. #27) is **GRANTED in part and DENIED in** part. The First Amended Complaint for Patent Infringement is **dismissed without prejudice** to filing a Second Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order. Mosher's request for attorney's fees is **denied**.

**DONE AND ORDERED** at Fort Myers, Florida, this   12th   day of March, 2020.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of record